FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ OCT 20 2011 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JUAN REYES,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------X

MEMORANDUM AND ORDER

CV 10-3517 (LDW)

Wexler, J.

Petitioner Juan Reyes ("Reyes") moves under 28 U.S.C. § 2255 to vacate his sentence of imprisonment imposed by this Court on July 26, 2006.[1] The government opposes the motion. For the reasons below, the motion is denied.

## I. BACKGROUND

Reyes is a member of La Mara Salvatrucha, "MS-13," street gang. He was charged with assaulting Ramon DeJesus ("DeJesus") on January 23, 2003 in a bar in Hempstead, New York. DeJesus suffered permanent injuries, leaving him completely incapacitated as a result of the beating. On July 6, 2005, Reyes pled guilty to count three of a superseding indictment, charging him with Assault Resulting In Serious Bodily Injury, in violation of 18 U.S.C. § 1959(a)(3). On July 26, 2006, this Court sentenced Reyes to 15 years' imprisonment.

---

[1] Reyes also moves for appointment of counsel. Because there is no merit to the § 2255 motion, as discussed herein, and the appointment of counsel is not required in the interests of justice, see 18 U.S.C. § 3006A(2)(B), the motion is denied.

Following his sentence, Reyes appealed to the Second Circuit. In January 2007, Reyes' counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Second Circuit denied Reyes' counsel's motion to be relieved and instructed counsel to "file a brief addressing whether the District Court double-counted the severity of the victim's injuries when it made an upward departure pursuant to U.S.S.G. Sec. 5K2.2." On August 18, 2008, Reyes' counsel filed a brief contending that this Court impermissibly double-counted the severity of DeJesus' injuries when it upwardly departed pursuant to U.S.S.G. § 5K2.2. By decision dated February 19, 2009, the Second Circuit rejected Reyes' counsel's argument and affirmed the judgment. The Second Circuit issued its mandate on March 13, 2009. On July 26, 2010, Reyes filed the present motion, dated July 19, 2010.

In his motion, Reyes claims that his conviction should be overturned based on (1) ineffective assistance of counsel; and (2) denial of contact with the El Salvadorian consulate, in violation of the Vienna Convention on Consular Relations. The government argues that the motion is procedurally barred, because it was not filed within the one-year limitations period, and is without merit.

## II. DISCUSSION

### A. Timeliness

The government argues that Reyes' motion is procedurally barred because it was not filed within the applicable one-year limitation period. *See* 28 U.S.C. § 2255(f). The

Second Circuit's mandate issued on March 13, 2008, and Reyes' did not filed this motion until July 26, 2010, over 16 months after the one-year period expired. Reyes concedes that he filed his motion late, but he argues that equitable tolling applies because he had no access to his legal documents when he was held at the Special Housing Unit in USP Hazelton from March 7, 2009 to June 15, 2010.

The doctrine of equitable tolling applies only in "rare and exceptional" circumstances. *Bertin v. United States*, 478 F.3d 489, 494 n.3 (2d Cir. 2007); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). To invoke this doctrine, a party must demonstrate that extraordinary circumstances prevented him from acting in a timely manner. *See Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996).

The Court finds that Reyes fails to demonstrate that extraordinary circumstances existed. In opposing the motion, the government shows that Reyes' allegations regarding lack of access to legal materials are belied by the USP Hazelton Inmate Handbook, which permits inmates to access their legal documents upon request, and a declaration by Jason Dickson, an inmate counselor at USP Hazelton, confirming that Reyes had access to his legal materials while in the Special Housing Unit. Moreover, Reyes fails to demonstrate that any denial of access to legal materials affected his ability to raise the claims he now presents. Accordingly, equitable tolling does not apply.

B. <u>Ineffective Assistance of Counsel Claim</u>

Reyes argues that defense counsel provided ineffective assistance. Even assuming

that Reyes' motion was timely, the Court finds no merit to his ineffective assistance of counsel claim. A claim of ineffective assistance of counsel can be sustained only if counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that absent counsel's errors the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Jackson v. Leonardo*, 162 F.3d 81, 85 (2d Cir. 1998).

Counsel's advice is not required to withstand a retrospective examination in a post-conviction hearing. *See McMann v. Richardson*, 397 U.S. 759 (1970). Instead, what is required is that the defendant and counsel use their best judgment as to the weight of the prosecution's case. Provided counsel is prepared with relevant facts and appropriate legal standards, strategic decisions regarding the challenging of evidence and witnesses cannot be second-guessed in an effort to support an ineffective assistance of counsel claim. *See United States v. DiPaolo*, 804 F.2d 225, 234 (2d Cir. 1986); *Gonzalez v. United States*, 337 F. Supp. 2d 419, 423 (E.D.N.Y. 2004).

Reyes claims that defense counsel was ineffective because counsel (1) failed to notify this Court that Reyes "was incompetent at the time of plea agreement, change of plea, and sentencing"; (2) sent Reyes English-language versions of the *Anders* brief and related documents even though he was unable understand English; and (3) failed to inform this Court that Reyes wished to proceed *pro se*.

Upon consideration, the Court rejects Reyes' claim. As for the first ground, Reyes

asserts that he was suffering from a mental disease rendering him incompetent at the time of plea and sentencing. However, Reyes provides no evidence to support this assertion. Moreover, there is nothing in the transcripts during his plea and sentencing hearings indicating that he was suffering from any kind of mental disease.

As for the second ground, Reyes asserts that he does not understand English and his counsel provided him with only an English-language version of the *Anders* brief and related documents. Because the Second Circuit rejected the claim raised in the *Anders* brief, Reyes is not entitled to relief on this ground.

As for the third ground, Reyes asserts that he instructed defense counsel that he wished to proceed *pro se*, and that his counsel did not inform this Court of his request. Again, Reyes offers no support that he ever made this request to counsel. Indeed, defense counsel, by declaration submitted by the government in opposition to Reyes' motion, states that he did not tell Reyes that Reyes had no right to proceed *pro se,* and that Reyes never requested to proceed *pro se*.

Because Reyes fails to show that defense counsel's representation fell below an objective standard of reasonableness, his ineffective assistance of counsel claim is denied.

C. Denial of Access to Consulate Claim

Reyes' final claim is that he was "denied contact with consular officials of the government of El Salvador." Even assuming that Reyes' claim can form the basis for relief from his conviction and sentence, Reyes fails to provide any evidence to support his

contention that he was denied contact with the consulate. In an April 13, 2004 status conference, the government advised Reyes and his co-defendants of their right to contact the consulate in their home countries, as per the Vienna Convention on Consular Relations. After having been advised of this right, Reyes decided against having the consulate in El Salvador contacted. This fact is further supported by defense counsel's declaration, attesting that Reyes neither indicated that he wished to contact the consulate nor complained about the consulate's lack of involvement in his case.

The Court declines to issue a certificate of appealability because Reyes fails to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

## III. CONCLUSION

For the above reasons: (1) the § 2255 motion is denied; (2) the motion for appointment of counsel is denied; and (3) the Court declines to issue a certificate of appealability. The Clerk of Court is directed to close the file.

SO ORDERED.

                                            /s/
                                    LEONARD D. WEXLER
                                    UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        October 20, 2011